IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA HERNANDEZ,<br>Plaintiff | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO. 2:07-CV-00240-JD |
| LAMBOY FURNITURE, INC., et al.,<br>Defendants | : <br> : | JURY TRIAL DEMANDED |

**DEFENDANTS LAMBOY FURNITURE, INC., LAMBOY HOUSING DEVELOPMENT CO. AND CANDELARIO LAMBOY'S ANSWER,
AFFIRMATIVE DEFENSES AND DEMAND FOR JURY**

Defendants Lamboy Furniture, Inc., Lamboy Housing Development Co. and Candelario Lamboy ("Lamboy"), by and through their undersigned counsel, hereby answer the Complaint and state as follows:

1. Denied.

2. Denied.

3. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

4. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

5. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

10. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

11. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

12. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

13. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

14. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

15. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

16. Admitted.

17. Denied.

18. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

19. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

20. Denied. Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied. To the extent the averments in this paragraph constitute conclusions of law, no response is required.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT I

31. Lamboy incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

32. Denied.

33. Denied.

**WHEREFORE**, defendant Lamboy respectfully demands that the Complaint be dismissed; awarding it reasonable costs and attorneys' fees and such other relief as justice requires.

## COUNT II

34. Lamboy incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

35. Denied.

36. Denied.

**WHEREFORE**, defendant Lamboy respectfully demands that the Complaint be dismissed; awarding it reasonable costs and attorneys' fees and such other relief as justice requires.

### COUNT III

37. Lamboy incorporates herein its responses to the allegations of the Complaint as if set forth in their entirety.

38. Denied.  Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

39. Denied.  Lamboy is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

**WHEREFORE**, defendant Lamboy respectfully demands that the Complaint be dismissed; awarding it reasonable costs and attorneys' fees and such other relief as justice requires.

### AFFIRMATIVE DEFENSES

1. Lamboy did not have the intent necessary to rise to the level of a reckless or willful act.

2. Plaintiff suffered no ascertainable loss of money or property.

3. Plaintiff fails to state a cause of action to which relief can be granted.

4. Plaintiff has no standing to bring this action.

5. This Court lacks subject matter jurisdiction over the allegations of Plaintiff's Complaint.

6. At all pertinent times, Lamboy acted in compliance with the Federal Trade Commission regulations, Federal Trade Commission staff commentary and letter commentaries, and/or Federal Trade Commission advisory opinions.

7. Lamboy reserves the right to assert additional affirmative defenses as discovery warrants.

## DEMAND FOR JURY

Lamboy demands a jury pursuant to Fed.R.Civ.P. 38 for all issues so triable.

FINEMAN KREKSTEIN & HARRIS, P.C.

By     S/Richard J. Perr
RICHARD J. PERR, ESQUIRE
30 South 17th Street, Suite 1800
Philadelphia, PA  19103-4005
(v) 215-893-9300  (f) 215-893-8739
e-mail: rperr@finemanlawfirm.com
Attorneys for Lamboy Defendants

Dated:     March 23, 2007

# CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I served a true and correct copy of the foregoing Answer, Affirmative Defenses and Demand for Jury electronically on the following:

>Theodore E. Lorenz, Esquire
>Lundy, Flitter, Beldecos & Berger, P.C.
>450 North Narberth Avenue
>Narberth, PA  19072
>Lorenz@lfbb.com
>         Attorneys for Plaintiff

>                                      S/Richard J. Perr
>                                      RICHARD J. PERR, ESQUIRE

Dated:      March 23, 2007